UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Matthew Miles Coleman,

                Petitioner,

v.

Jeffrey A Uttecht,

                Respondent.

CASE NO. 3:19-cv-05666-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: DECEMBER 13, 2019

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Matthew Miles Coleman, proceeding *pro se* filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkts. 1, 6. The Court concludes that the petition is time-barred and recommends that the petition be dismissed with prejudice.

**I.**    **Background**

After pleading guilty, petitioner was convicted of two counts of rape of a child in the first-degree. Dkt. 12, Exhibit 1. Petitioner was sentenced on February 15, 2013 under the Special

Sex Offender Sentencing Alternative in which all but 12 months of the 132-month sentence were suspended and petitioner was placed in community custody and required to complete treatment. Dkt. 12, Exhibits 1, 2. On December 20, 2016, petitioner's suspended sentence was revoked for violations including failure to make progress in treatment. Dkt. 12, Exhibit 2. Petitioner is currently serving the previously suspended indeterminate sentence with a minimum term of 132 months confinement and a statutory maximum of life. Dkt. 12, Exhibits 1 and 2. Petitioner did not appeal his judgment and subsequently imposed sentence in state court. Dkts. 6, 12. Petitioner filed this petition on July 21, 2019. Dkt. 6; *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court.).

Petitioner raises four grounds for relief all based on his claim that he is unlawfully detained and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On September 27, 2019, respondent filed an answer, wherein he asserts that the petition was filed after the limitations period expired. Dkt. 11. Respondent maintains that the petition is therefore time-barred and should be dismissed with prejudice. *Id*. In the alternative, respondent argues that the petition is unexhausted and procedurally barred and petitioner fails to state a federal constitutional ground for relief. *Id.* Petitioner did not file a traverse.

**II.   Discussion**

   *A.   Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of

"the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed by the clerk on February 15, 2013 and he did not file a direct appeal challenging his convictions and sentence. Dkts. 6, 12, Exhibit 1. Thus, petitioner's judgment and sentence was final on March 18, 2013,[1] the date the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a). The fact that petitioner's sentence was suspended has no bearing on the finality of his conviction. *See Jansen v. Gower,* 2013 WL 2924630 at *2–*3 (N.D. Cal. June 13, 2013) (AEDPA statute of limitations began immediately after the superior court imposed sentence even while suspending that sentence because there was an appealable judgment); *Udom v. Warden, San Diego Correction Facility,* 2011 WL 6426637 at *2 (C.D. Cal. Nov. 22, 2011) ("Though Petitioner's probation was revoked on October 8, 2009 and Petitioner pleaded guilty to violation of probation on November 9, 2009, these events did not alter the time period during which Petitioner could permissibly bring an appeal challenging the underlying

---

[1] Thirty days from February 15, 2013 ended on March 17, 2013 which was a Sunday. However, if the last day is a Saturday, a Sunday, or a legal holiday, "the period runs until the end of the next day which is neither a Saturday, a Sunday, or a legal holiday"—which would be Monday, March 18, 2013.  *See* CrR 8.1; CR 6(a).

REPORT AND RECOMMENDATION - 3

conviction for attempted robbery."). Moreover, the petition is clear that petitioner is challenging his conviction and not raising any issues related to the revocation of his parole in 2016. Dkt. 6 at 1.

Therefore, the AEDPA limitations period began running on March 19, 2013. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final). Petitioner did not file the petition until July 21, 2019, after the one-year limitations period expired.[2] *See* Dkt. 6.

Petitioner contends the AEDPA limitations period is "not applicable" to his petition. Dkt. 6 at 13. In the petition, petitioner specifically challenges his state court convictions and sentence, Dkt. 6 at 1, but he does not provide any evidence showing that he appealed the underlying case in state court or that he was precluded from challenging his convictions. The AEDPA limitations period provided petitioner with a reasonable opportunity to have his claims heard on the merits. Petitioner simply failed to avail himself of such an opportunity.

For the above stated reasons, the Court finds that petitioner has not shown that the petition was timely filed. As the record reflects that the petition was filed after the statute of limitations had run, the petition is untimely.

B.  *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*,

---

[2] Even if petitioner was challenging the fact that his suspended sentence was revoked for violations including failure to make progress in treatment, the petition would still be untimely as it was filed over three years after the order revoking the suspended sentence was entered on December 20, 2016. *See* Dkt. 6, Dkt. 12, Exhibit 2.

560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue that he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 6. Therefore, petitioner fails to show that he is entitled to statutory or equitable tolling, and the petition is barred by the AEDPA limitations period.

C. *Exhaustion and Merits*

Respondent also argues that the petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 11. However, because the Court concludes that the petition is untimely, the Court declines to consider respondent's alternative grounds for denying habeas corpus relief.

**III.   Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds that it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

### V. Conclusion

The petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
2 December 13, 2019 as noted in the caption.
3
4 Dated this 18th day of November, 2019.
5
6
7
8 J. Richard Creatura
United States Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24