UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW MILES COLEMAN,<br><br>    Petitioner,<br><br>v.<br><br>JEFFREY A. UTTECHT,<br><br>    Respondent. | CASE NO. C19-5666 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 13.

On July 22, 2019, Petitioner filed a proposed petition for writ of habeas corpus challenging his incarceration in Washington State. Dkt. 1. Petitioner argues that his conviction is unlawful because he was charged by information, rather than by an indictment issued by a grand jury, and that the Washington courts lack authority to adjudicate this claim. *Id.*; *see also* Dkt. 6 (petition for writ of habeas corpus). On September 27, 2019, Respondent responded. Dkt. 11.

On November 18, 2019, Judge Creatura issued the R&R recommending Petitioner's petition be dismissed with prejudice as untimely. Dkt. 13. On December 4,

ORDER - 1

2019, Petitioner filed a notice of appeal. Dkt. 14. On December 17, 2019, Petitioner filed motions to amend the case caption and his habeas petition, Dkts. 16, 17, and an amended notice of appeal, Dkt. 18. On December 18, 2019, the Ninth Circuit dismissed Petitioner's appeal as premature because a R&R issued by a magistrate judge is not appealable as a final order or judgment. Dkt. 19.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). Although Petitioner failed to formally object to the R&R, his notice of appeal and motion to amend habeas petition appear to challenge the R&R's conclusion that his petition is untimely. Dkts. 14, 17. Therefore, the Court construes those pleadings as objections to the R&R. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that handwritten pro se documents should be liberally construed).

In this case, Petitioner argues that his petition is an original civil action not subject to the one-year limitations period for federal habeas petitions prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq*. *See, e.g.*, Dkt. 17 at 1–4. However, Petitioner admits he is incarcerated under a state court judgment and that he challenges his conviction and sentence pursuant to the federal habeas statute, 28 U.S.C. § 2254. *Id.* at 1; *see also* Dkt. 6. Thus, Petitioner fails to convince the Court that AEDPA's limitations period is not applicable to his federal habeas petition. Because Petitioner filed his petition more than one year after his

judgment of conviction become final, *see* Dkt. 13 at 2–4, the Court agrees with the R&R that the petition is untimely.

Petitioner raises numerous other objections that are meritless. Therefore, the Court having considered the R&R, Petitioner's notice of appeal and motion to amend petition, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's federal habeas petition is **DISMISSED with prejudice;**

(3) A Certificate of Appealability is **DENIED**;

(4) Petitioner's motion to amend case caption, Dkt. 16, and motion to amend habeas petition, Dkt. 17, are **DENIED as moot**; and

(5) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 3rd day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge